UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>INFOCISION, INC., a Delaware corporation,<br><br>Defendant. | Case Number: 5:18-cv-64 |

**COMPLAINT FOR CIVIL PENALTIES,
PERMANENT INJUNCTION, AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105, to obtain monetary civil penalties, a permanent injunction, and other relief for Defendant's

InfoCision Complaint – Page 1

violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR" or "Rule"), as amended, 16 C.F.R Part 310.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a). This action arises under 15 U.S.C. § 45(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b). Defendant resides and transacts business in this District.

## DEFENDANT

4. Defendant, InfoCision, Inc. ("InfoCision"), is a for-profit Delaware corporation with its principal place of business at 325 Springside Drive, Akron, OH, 44333. InfoCision is a telemarketer that initiates outbound telephone calls on behalf of charitable organizations to induce consumers to make charitable contributions. InfoCision transacts or has transacted business in this District and throughout the United States.

5. At all times relevant to this Complaint, InfoCision has maintained a substantial course of trade or business in soliciting charitable contributions via the telephone, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## THE TELEMARKETING SALES RULE

6. Congress directed the Commission to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108. The Commission adopted the original TSR in 1995, extensively amended it in 2003, and amended certain provisions thereafter. 16 C.F.R. Part 310.

7. Section 1011 of the USA Patriot Act, codified in relevant part at 15 U.S.C. §§ 6102 and 6106, amended the Telemarketing Act to cover "charitable solicitations." It directed the FTC to expand the scope of the TSR to cover calls made to solicit charitable contributions. In 2002, the FTC amended the TSR to modify the definition of telemarketing to (1) include interstate calls made by for-profit telemarketers to solicit charitable contributions, (2) require for-profit telemarketers calling to solicit such contributions to promptly disclose the name of the organization making the request and that the purpose of the call is to ask for a charitable contribution, and (3) prohibit for-profit telemarketers from making a false or misleading statement to induce any person to make a charitable contribution. These requirements ensure that for-profit telemarketers that solicit charitable contributions are truthful about the purpose of the call and that consumers receive material information so that they can make informed choices about whether to engage with the telemarketers and give a charitable contribution.

8. Under the TSR, a "telemarketer" means "any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor." 16 C.F.R. § 310.2(ff). A "donor" means "any person solicited to make a charitable contribution," 16 C.F.R. § 310.2(p), and a "charitable contribution" means "any donation or gift of money or any other thing of value." 16 C.F.R. § 310.2(h).

9. Under the TSR, an "outbound" telephone call means "a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution." 16 C.F.R. § 310.2(x).

10. The TSR prohibits telemarketers from "[m]aking . . . false or misleading statement[s] to induce any person to pay for goods or services or to induce a charitable contribution." 16 C.F.R § 310.3(a)(4).

11. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **DEFENDANT'S BUSINESS PRACTICES**

12. InfoCision is a "telemarketer" engaged in "telemarketing" as those terms are defined in the TSR.

13. InfoCision initiates outbound telephone calls to consumers in the United States to induce consumers to make charitable contributions to hundreds of various charitable organizations.

14. InfoCision has engaged in telemarketing by a plan, program, or campaign conducted to induce consumers to make charitable contributions to these charitable organizations by the use of one or more telephones and which involves more than one interstate telephone call.

15. Since at least 2013, InfoCision has conducted hundreds of telemarketing campaigns on behalf of these charitable organizations, involving millions of telephone calls to consumers.

16. In some of these telemarketing campaigns, InfoCision's telemarketers called consumers and told them at the beginning of the call that the purpose of the call was not to ask for a donation. In such calls, InfoCision's telemarketers subsequently asked consumers to mail

or hand-deliver to family, friends, or neighbors materials asking for monetary donations on behalf the charitable organization. In numerous instances in those same calls, contrary to InfoCision's initial representations and claims, InfoCision's telemarketers also asked consumers to make a monetary donation, often in amounts of $10, $25, or $50.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

### Count I

### False or Misleading Statements to Induce a Charitable Contribution

17. As described in Paragraphs 12 through 16 above, in numerous instances in connection with telemarketing, Defendant has made, or caused others to make, false and misleading statements in outbound telephone calls to consumers to induce a charitable contribution in violation of the TSR. 16 C.F.R § 310.3(a)(4).

## CONSUMER INJURY

18. Consumers in the United States have suffered and will suffer injury as a result of Defendant's violations of the TSR. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

19. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any violation of any provision of law enforced by the FTC.

20. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d), authorizes this Court to award monetary

civil penalties. In 2013, the Court was authorized to award a penalty of not more than $16,000 for each violation of the TSR. *See* 16 C.F.R. § 1.98(d) (2009). The maximum penalty amount was adjusted to $40,000 per violation as of August 1, 2016, and further adjusted to $40,654 per violation as of January 24, 2017, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and 16 C.F.R. § 1.98, 81 Fed. Reg. 42,476 (June 30, 2016); 82 Fed. Reg. 8135 (January 24, 2017).

21. Defendant's violations of the TSR were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

22. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by Defendant's violations of the TSR and the FTC Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b), and pursuant to its own equitable powers:

A. Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this complaint;

B. Award Plaintiff monetary civil penalties from the Defendant for every violation of the TSR;

C. Enter a permanent injunction to prevent future violations of the TSR and the FTC Act by Defendant; and

D.  Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

| | |
|---|---|
| **FOR THE FEDERAL TRADE COMMISSION:** | **FOR PLAINTIFF THE UNITED STATES OF AMERICA:** |
| CHARLES A. HARWOOD<br>Regional Director<br>Northwest Region | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice |
| TINA E. KONDO<br>Assistant Regional Director<br>Northwest Region | ETHAN DAVIS<br>Deputy Assistant Attorney General<br>Civil Division |
| NADINE S. SAMTER<br>SARAH A. SHIFLEY<br>Attorneys<br>Northwest Region<br>Federal Trade Commission<br>915 Second Avenue, Suite 2896<br>Seattle, WA 98174<br>(206) 220-6350 (voice)<br>(206) 220-6366 (fax)<br>nsamter@ftc.gov<br>sshifley@ftc.gov | GUSTAV W. EYLER<br>Acting Director<br>Consumer Protection Branch<br><br>By: s/ Kathryn A. Schmidt<br>KATHRYN A. SCHMIDT<br>Trial Attorney<br>Consumer Protection Branch<br>450 Fifth Street NW, 6th Floor South<br>Washington, DC 20001<br>(202) 598-8697 (voice)<br>(202) 514-8742 (fax)<br>kathryn.a.schmidt@usdoj.gov |
| | JUSTIN E. HERDMAN<br>United States Attorney |
| | MICHELLE L. HEYER (0065723)<br>Assistant U.S. Attorney<br>801 West Superior Avenue, Suite 400<br>Cleveland OH 44113<br>(216) 622-3686 (voice)<br>(216) 522-2404 (fax)<br>michelle.heyer@usdoj.gov |
| Dated: January 10, 2018 | |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**     Civil Categories: (Please check  <u>one category only</u>).

   1. ☐   General Civil
   2. ☐   Administrative Review/Social Security
   3. ☐   Habeas Corpus Death Penalty

   *If under Title 28, §2255, name the SENTENCING JUDGE: _____

   CASE NUMBER: _____

**II.**   **RELATED OR REFILED CASES**.  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

   This action:      is **RELATED** to another  **PENDING** civil case      is a **REFILED** case        was **PREVIOUSLY REMANDED**

   **If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**   In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

   ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

   (1)     **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
   **COUNTY:**
   <u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

   (2)     **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
   **COUNTY:**

   (3)     **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
   **COUNTY:**

**IV.**   The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section **III**, please check the appropriate division.

   **EASTERN DIVISION**

   ☐   AKRON               (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
   ☐   CLEVELAND         (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,
                                        Lorain, Medina and Richland)
   ☐   YOUNGSTOWN     (Counties: Columbiana, Mahoning and Trumbull)

   **WESTERN DIVISION**

   ☐   TOLEDO              (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,
                                        Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca
                                        VanWert, Williams, Wood and Wyandot)